UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KRISTOPHER KAIVON PRATT,

        Plaintiff,

v.

UNKNOWN RUBLY et al.,

        Defendants.
_____/

Case No. 1:25-cv-1138

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis* in this case. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hanley and Tinderelley. The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity and Eighth Amendment failure to protect claims against remaining Defendant Rubly. Plaintiff's Eighth Amendment excessive force claim against Defendant Rubly remains in the case.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues IBC Corrections Officers Unknown Rubly, Unknown Hanley, and Unknown Tinderelley[1] in their official and personal capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that on November 24, 2022, he got into a fight with multiple people in Unit 5 at IBC. (*Id.*, PageID.3.) Several corrections officers, including the named Defendants, attempted to stop the fight. (*Id.*) Plaintiff states that when Defendants Rubly, Tinderelley, and Hanley got Plaintiff to the ground and were restraining him, another prisoner ran up and stabbed Plaintiff in the head. (*Id.*) Plaintiff then broke away from Defendants and began to defend himself. (*Id.*) At this point, Defendant Rubly punched Plaintiff in the face and placed him in a chokehold until Plaintiff could not breathe. (*Id.*) Plaintiff was then handcuffed and escorted to health care, where his wounds were treated. (*Id.*)

Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to protect him and that Defendant Rubly used excessive force. Plaintiff seeks damages.

II. **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

---

[1] Also named as Tinderelly, Tenderilly, and Tenderelly in the complaint.

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    **Official Capacity Claims**

As an initial matter, Plaintiff brings claims against Defendants Rubly, Hanley, and Tinderelley in both their individual and official capacities. Ordinarily, a suit against an individual

in his or her official capacity is equivalent to a suit brought against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). However, "the MDOC is not a 'person' within the meaning of § 1983." *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will*, 491 U.S. at 71 for the proposition that "the MDOC is not a person within the meaning of 42 U.S.C. § 1983.") Accordingly, Plaintiff has failed to state a claim against Defendants Rubly, Hanley, and Tinderelley in their official capacities.[2]

### B.     Eighth Amendment

The Court construes Plaintiff's complaint as asserting Eighth Amendment claims against Defendants. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

---

[2] Regardless of the form of relief requested, the states and their departments are also immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Plaintiff seeks only damages. Therefore, Plaintiff's official capacity claims are also be barred by sovereign immunity.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

### 1. Failure to Protect Claims

Plaintiff claims that Defendants Rubly, Tinderelley, and Hanley failed to protect him from being stabbed while they were restraining him on the ground during an ongoing fight between inmates. (ECF No. 1, PageID.3.)

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-

5

protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.").

In this case, Plaintiff fails to allege any facts showing that Defendants were deliberately indifferent to a risk that Plaintiff would be stabbed prior to him being attacked. Plaintiff concedes that he was involved in a fight with multiple people and that Defendants were attempting to stop the fight when they restrained him. In the context of a general melee, the fact that Defendants were in the process of restraining him when he was attacked does not, without more, show deliberate indifference on the part of Defendants. Plaintiff does not allege that any Defendant saw another prisoner preparing to attack Plaintiff, or that they were in a position to protect Plaintiff from such an attack. Under these circumstances, Plaintiff fails to allege that any Defendant was deliberately indifferent to Plaintiff's risk of injury. Therefore, Plaintiff fails to state a failure to protect claim against Defendants.

    **2.**    **Excessive Force Claim**

Plaintiff appears to be claiming that Defendant Rubly used excessive force against him when he punched Plaintiff in the face and placed him in a chokehold until Plaintiff could not breathe. (ECF No. 1, PageID.3.)

6

Analysis of Plaintiff's excessive force claim must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986). The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson*, 503 U.S. at 7; *see also Wilkins v. Gaddy,* 559 U.S. 34, 37–39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953–54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

The Court notes that although it is clear from Plaintiff's allegations that the use of some force was justified in these circumstances, it is unclear whether Defendant Rubly's chokehold which allegedly caused Plaintiff to be unable to breathe was excessive. Therefore, at this stage in the litigation, the Court will not dismiss Plaintiff's excessive force claim against Defendant Rubly.

**Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis* in this action. Having conducted the review required by the PLRA, the Court determines that Defendants Hanley and Tinderelley will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity and Eighth Amendment failure to protect claims against remaining Defendant Rubly. Plaintiff's Eighth Amendment excessive force claim against Defendant Rubly remains in the case.

An order consistent with this opinion will be entered.

Dated:   November 20, 2025                    /s/ Robert J. Jonker
                                              Robert J. Jonker
                                              United States District Judge